**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4095**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JABARR RYEHEINE RUDOLPH,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:16-cr-00116-D-11)

Submitted:  February 20, 2020                     Decided:  March 24, 2020

Before AGEE, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jennifer H. Rose, LAW OFFICE OF JENNIFER HAYNES ROSE, Cary, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Philip A. Rubin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Without the benefit of a plea agreement, Jabarr Ryeheine Rudolph pled guilty to conspiracy to distribute and possess with intent to distribute an unspecified quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2018), and five substantive counts of distributing unspecified quantities of heroin, in violation of 21 U.S.C. § 841(a)(1).[1] At sentencing, the district court resolved several factual disputes in a manner adverse to Rudolph, including, as relevant to this appeal, sustaining the attributable drug quantity determination and the two-level obstruction of justice enhancement recommended in the presentence report. And, because it found that Rudolph engaged in conduct that obstructed justice, the court also declined to reduce Rudolph's offense level to reflect his acceptance of responsibility. Finally, the court departed upwardly from Rudolph's advisory Guidelines range, pursuant to U.S. Sentencing Guidelines Manual § 4A1.3(a), p.s. (2018), and sentenced Rudolph to the statutory maximum term of 240 months' imprisonment on each count of conviction, to be served concurrently. At the end of the sentencing hearing, the court observed that, even if it erred in its Guidelines computations, it would impose the same 240-month term as an upward variant sentence because this was the appropriate sentence given the facts of this case.

Rudolph presents three arguments for review, all of which relate to his sentence. In his first argument, Rudolph contends that the district court committed reversible error in

_____

[1] Although Rudolph was also charged with use or possession of a firearm in furtherance of a drug trafficking offense, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A), 2 (2018), he was acquitted of this charge following a multi-day jury trial.

determining the drug quantity attributable to him for sentencing purposes by relying on facts that were not (a) found by a jury or admitted by Rudolph; or (b) proven by direct evidence. In his next two arguments, Rudolph maintains the court clearly erred in applying the obstruction of justice enhancement and in refusing to award the recommended acceptance of responsibility reduction. We affirm.

We reject the first components of Rudolph's opening argument, which assign legal error to the district court's sentencing process, because they are contrary to established precedent. Specifically, in *Alleyne v. United States*, the Supreme Court ruled that "facts that increase mandatory minimum sentences must be submitted to the jury," but reaffirmed the established principle that "broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." 570 U.S. 99, 116 (2013). The district court's attributable drug quantity determination here did not increase Rudolph's statutory sentencing exposure but, rather, was used to determine his advisory Guidelines range. As this is perfectly within bounds of federal sentencing jurisprudence, we discern no error in the court's reaching this factual finding at sentencing instead of requiring that it be found by a jury. *See United States v. Booker*, 543 U.S. 220, 233 (2005) ("[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant."); *United States v. Benkahla*, 530 F.3d 300, 312 (4th Cir. 2008) ("Sentencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence, so long as that Guidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict."). We also reject Rudolph's alternative contention that

3

the district court's factual sentencing determinations must be based on conduct admitted by the defendant. *See United States v. Alvarado Perez*, 609 F.3d 609, 614 (4th Cir. 2010) ("[T]he district court was entitled to consider relevant conduct that was not admitted by [defendant] in determining an appropriate sentencing decision."); *see also United States v. Grubbs*, 585 F.3d 793, 799 (4th Cir. 2009) ("[A] sentencing court may consider uncharged and acquitted conduct in determining a sentence, as long as that conduct is proven by a preponderance of the evidence.").

Rudolph's opening argument also has a fact-related component—to wit: that there was a lack of direct evidence to support the district court's factual determinations related to the attributable drug quantity determination—through which Rudolph contests the reliability and viability of the Government's sentencing evidence. Accordingly, despite being intertwined with the legal challenges to the district court's sentencing process, this claim is properly viewed as a challenge to the district court's computation of Rudolph's base offense level. Framed as such, and given that the other issues on appeal assign error to the district court's Guidelines computations, the remainder of this appeal challenges the procedural reasonableness of Rudolph's sentence.

We review every federal sentence—whether it is within, above, or below the Guidelines range—for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *see United States v. Provance*, 944 F.3d 213, 217 (4th Cir. 2019). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range." *Gall*, 552 U.S. at 51.

4

"It is well established that we will not vacate a sentence if we determine that the district court's improper calculation of the Guidelines advisory sentencing range was harmless." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019). As the Government suggests, we need not resolve the challenged Guidelines rulings but may instead, "proceed directly to an assumed error harmlessness inquiry," because the district court alternatively announced that it would impose the same 240-month sentence as an upward variance. *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). A sentencing error is harmless if: "(1) the district court would have reached the same result even if it had decided the [G]uidelines issue the other way, and (2) the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *Mills*, 917 F.3d at 330 (internal quotation marks omitted). Here, the first prong of this inquiry is easily met, as the district court explicitly stated that it would have imposed "the same sentence as an alternative variant sentence" (J.A. 1576-77),[2] regardless of its resolution of the challenged Guidelines issues, *see Gomez-Jimenez*, 750 F.3d at 383 (holding first component is satisfied when the sentencing court "expressly state[s] in a separate and particular explanation that it would have reached the same result").

In determining whether the imposed sentence would be substantively reasonable, this court "consider[s] whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from

---

[2] Citations to the "J.A." refer to the joint appendix submitted by the parties.

the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "While a district court's explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines[.]" *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (citation and internal quotation marks omitted). Because our review is ultimately for an abuse of discretion, we accord "due deference to the district court's decision that the [18 U.S.C.] § 3553(a) [(2018)] factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). In this posture, even if we "might reasonably conclude that a different sentence is appropriate, that conclusion, standing alone, is an insufficient basis to vacate the district court's chosen sentence." *Id.* (alterations and internal quotation marks omitted).

Upon review, we conclude that Rudolph's 240-month sentence does not amount to an abuse of discretion. The district court provided a detailed explanation for the sentence that was both rooted in the relevant § 3553(a) factors and responsive to Rudolph's sentencing arguments. Specifically, the district court began its analysis by acknowledging Rudolph's role in the underlying drug trafficking conspiracy, with which the court was very familiar having presided over multiple trials and guilty pleas for the involved defendants, and that Rudolph pled guilty to six serious drug trafficking offenses. The court further commented that Rudolph's heroin distribution efforts contributed to the overall opioid crisis, which had a severe negative impact on the community.

The court also identified Rudolph's unabated criminality and high likelihood of recidivism as two of the primary concerns in this case. On these points, the court described

Rudolph as a committed criminal who had not previously been deterred from crime despite receiving a substantial sentence following his conviction for second-degree murder. The court also emphasized that Rudolph accrued criminal history points for crimes committed while incarcerated. Finally, the court observed the aggravating nature of the facts related to the obstruction enhancement and further opined that recordings of Rudolph's jailhouse calls demonstrated that Rudolph was not remorseful and presented a high risk of recidivating.

It is thus clear from the record that the court tied the selected sentence to the § 3553(a) factors of the nature and circumstances of the offense; Rudolph's history and characteristics; and the need to impose a sentence that would provide both general and specific deterrence, reflect the seriousness of the offense conduct, and protect the public from future crime committed by Rudolph. Accordingly, we hold that any error in the court's calculation of Rudolph's Guidelines range was harmless because the court's explanation renders the selected 240-month sentence reasonable. *See United States v. Hargrove*, 701 F.3d 156, 161 (4th Cir. 2012) ("A sentencing error is harmless if the resulting sentence was not longer than that to which the defendant would otherwise be subject." (alteration and internal quotation marks omitted)).

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

7